**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODRIGUEZ LOBO ALEJANDRO,<br>Petitioner,<br>v.<br>D. MARIN, *et al.*,<br>Respondents. | Case No. ED CV 26-1497-DMG (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the filed Report and Recommendation to Deny in Part and Dismiss in Part the Second Amended Petition under 28 U.S.C. § 2241. R&R [Doc. # 36]. The Court has also reviewed *de novo* Petitioner Rodriguez Lobo Alejandro's Objections. Obj. [Doc. # 37]. The Court discusses Petitioner's arguments below.

**I.**

**BACKGROUND**

Petitioner is a native and citizen of Colombia who most recently entered the United States in March 2001 and was arrested on August 27, 2025 by U.S. Immigration and Customs Enforcement ("ICE") and has been detained since then at the Adelanto ICE

Processing Center. *See* R&R at 1–2. At the time, he was appearing for a scheduled state parole check-in.[1] R&R at 2. He is subject to ongoing removal proceedings, in which he is currently appealing an Immigration Judge's ("IJ") order of removal. He has had two custody re-determination proceedings, one pursuant to 8 U.S.C. § 1226 and one *Rodriguez* hearing,[2] following which he was not released. *Id.* at 2–3.

In support of his verified Second Amended Petition ("SAP"), Petitioner asserts that he has family in the United States, including his four children, who are U.S. citizens. SAP at 3 [Doc. # 27]. He states that he was released early from his most recent period of incarceration due to his rehabilitative efforts as part of a volunteer firefighting crew for three years. *Id.* He claims he suffers from health conditions and medical neglect while detained and that his mother has been diagnosed with cancer, causing her to require extensive care and treatment.[3] *Id.* at 4.

With respect to his bond hearings, Petitioner states he is aware that the Court cannot reweigh the evidence before an Immigration Judge ("IJ"). SAP at 9. Rather, he argues that the IJs improperly conducted those hearings by imposing the burden of proof upon him instead of the Government (an argument relevant to the second hearing) and by

---

[1] According to his initial Petition, Petitioner has the following criminal history: a 2000 arrest for burglary that resulted in the case being dismissed after he paid a fine, 2002 and 2005 DUI convictions, a 2007 conviction for driving with a suspended license, a 2010 conviction for receiving stolen property and possession of burglary tools, a 2013 arrest for receiving stolen property that resulted in the case being dismissed, and a 2017 conviction for robbery that resulted in an 11-year sentence. [Doc. # 1 at 4.] With respect to the final conviction, he states he served four years in prison and was released on two years' parole. *Id.*

[2] So named for *Rodriguez v. Holder*, No. CV 07–3239 TJH (RNBx), 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), *aff'd in part, rev'd in part sub nom. Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018).

[3] As the Magistrate Judge noted, to the extent Petitioner requires medical care, he may be a putative class member in *L.T. v. ICE, et al*., CV 26-322-SSS (SPx), which challenges conditions of confinement at the Adelanto detention facility. Independent monitors (a Medical Monitor and Conditions Monitor) have been appointed in that case. *Id*. at Doc. ## 117, 119.

failing to conduct an individualized analysis. *Id.*; *see also* Doc. # 34 at 5 (traverse, arguing that the IJ at the second hearing also failed to apply the correct legal standard, to consider alternatives to detention, and to act as a neutral decisionmaker). His arguments focus heavily on the two words "Flight Risk," which were given as the reason for the denial of his second request for a change in custody status. *See* SAP at 25. Petitioner also devotes a portion of his SAP to arguing that he should not be required to administratively exhaust his remedies before bringing this litigation. *See id.* at 15.

The Government opposes based on a failure to administratively exhaust with respect to the bond hearing arguments. [Doc. # 32 at 10.]

## II.

## DISCUSSION

The R&R rejects the challenges to Petitioner's bond hearings for the following reasons. First, as to the first bond hearing, the challenges are moot because the operative detention order is a product of the *Rodriguez* bond hearing, not the first bond hearing. *Id.* at 7. Second, Petitioner's disagreements with the outcome of his *Rodriguez* bond hearing are subject to administrative exhaustion, and Petitioner has not finished exhausting his appeal. *Id.* at 8–9. Petitioner presents no meaningful reason to question the first conclusion. The Court focuses on the second in the discussion below.

The Court notes that there is no transcript or recording of either bond hearing on file, nor does Petitioner provide any argument based on what transpired at the second bond hearing. Rather, it appears Petitioner's arguments are inferences that he draws largely from the brevity of the ruling on his second request for custody redetermination. An IJ is not required, however, to write a fulsome explanation of why bond is denied but may give an oral ruling, instead. *See* 8 C.F.R. § 1003.19(f); *see also Fan v. Bondi*, No. 5:25-CV-3619-SK, 2026 WL 2276462, at *5 (C.D. Cal. Aug. 6, 2026) ("[W]hile an immigration judge who writes an opinion accompanying her bond decision will always

satisfy this requirement, an immigration judge who only states her reasoning orally at the hearing (provided the audio is recorded) and then enters the result of the hearing on the standard form has also fully complied with the government's relevant regulations[.]").

Turning to Petitioner's arguments specific to the R&R, Petitioner objects that the Magistrate Judge mischaracterized Petitioner's arguments as "ordinary appellate-style review" of the custody determination, rather than what they truly are—challenges to the constitutional adequacy of the hearing, the application of the heightened burden to the Government, the failure to consider alternatives to detention, the lack of evidence to support the IJ's determination, and the lack of neutrality of the adjudicator. Obj. at 2; *see also* Obj. at 3. Petitioner's arguments are made in general terms. Notably missing from his arguments are specific examples of how the IJ made statements or ignored particular evidence that illustrates Petitioner's point. Such generalities underscore the characterization the R&R accurately made, that the Petition is a disguised "ordinary appellate-style" challenge to the outcome of the proceeding. Indeed, this Court has reached the same conclusion when reviewing Petitioner's various filings in this action. [*See* Doc. # 29 at 4 ("[T]he Court observes that Lobo's challenge to the immigration court's determinations overlaps with his pending appeal. This Court lacks jurisdiction to sit as an appellate body to evaluate the bond hearing and its outcome. *See* 18 U.S.C. § 1226(e)).")]

Petitioner correctly points out that exhaustion is not jurisdictional. Obj. at 2. Contrary to Petitioner's arguments, however, the Magistrate Judge meaningfully discussed the factors set forth in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), when deciding to apply prudential exhaustion on the facts of this case. *See* R&R at 8–9; Obj. at 2. Those factors are whether agency expertise necessitates agency consideration to generate a proper record and decision, excusing a party would encourage the deliberate bypass of administrative remedies, and administrative exhaustion would likely allow the

agency to correct its own mistakes and alleviate the need for judicial review. *See Puga*, 488 F.3d at 815. The Magistrate Judge cited case law and regulatory authority that the BIA can resolve claims of denial of procedural due process by the IJ, arguments that the Government did not meet its heightened burden, and assertions that the IJ's bond determination was unreasonable. R&R at 8. He further concluded that allowing routine excusals of exhaustion on the basis of the "normal (if undesirably lengthy) period for a BIA appeal" would cause the exception to swallow the rule. *Id.* at 10. And he noted that for "garden variety" appeals like this one, the BIA could reverse or vacate and remand the matter for a new hearing. *Id.* at 9. The Court observes that while Petitioner makes much of the "fixed administrative record" that gives rise to his claims, the record requires far more development for any meaningful review. *See* Obj. at 2. In a case such as this where the Petitioner seeks review of his individual bond determination, the Court lacks a written record explaining the IJ's decision, and the appeal to the BIA is ongoing, the *Puga* factors weigh in favor of requiring exhaustion.[4]

Nor did the Magistrate Judge improperly treat exhaustion as mandatory due to the ongoing BIA appeal. To the contrary, the R&R notes it "is another thing altogether to argue that the immigration judge never placed the burden on the government to make the required showing by clear and convincing evidence in the first place. Only an appeal of [that] question might be futile if the BIA's legal position were fixed contrary to petitioner[.]" R&R at 9 n.4.

Finally, Petitioner argues that the Magistrate Judge failed to account for whether prudential exhaustion should be waived. Obj. at 7. Because exhaustion is not jurisdictional, courts have discretion to waive the requirement when "administrative

---

[4] Petitioner cites non-binding rulings from other courts in this District or other Districts in this Circuit. The Court has read and considered but is not required to follow those rulings, to the extent the Court disagrees with their reasoning or the facts are not analogous. Petitioner fails to show that the Magistrate Judge erred by not following these nonbinding rulings.

remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation and quotations omitted). The Magistrate Judge correctly recognized this standard and did not err in applying it.

Having carefully reviewed and considered the Objections, the Court finds that they lack merit.

## III.

## CONCLUSION

Therefore, the Second Amended Petition is **DENIED IN PART** as moot with regard to the challenge to the first bond hearing and **DISMISSED IN PART** without prejudice for lack of jurisdiction and failure to exhaust administrative remedies with regard to the challenge to the *Rodriguez* hearing. Judgment will be entered dismissing this action accordingly.

**IT IS SO ORDERED.**

DATED: August 31, 2026

Dolly M. Gee

DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE